# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JAMES SHEHAN, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 1:14-cv-00900-JHE ) ) |
| WELLS FARGO BANK, N.A. | ) ) |
| Defendant. | ) ) ) |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

### Request for Relief

James Shehan ("Plaintiff") respectfully requests that this Court certify this action as a class action under Fed. R. Civ. P. 23, on behalf of the following class:

> All persons and entities (1) to whom Wells Fargo Bank, N.A. made or caused to be made calls, (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) within the four years preceding the date of Plaintiff's complaint.

### Statement of Substantive Facts

Starting in or about February 2014, Wells Fargo Bank, N.A. ("Defendant") began placing calls to (256) 267-xxxx—the number assigned to Plaintiff's cellular telephone service (the "Cellular Telephone Number"). Doc. 1, ¶8. In particular, from February 26, 2014 through March 11, 2014, Defendant placed at least seven calls to the Cellular Telephone Number. *Id.*, ¶9. Each of Defendant's calls was accompanied by a prerecorded voicemail message. *Id.*, ¶12.

Upon information and good faith belief, Defendant placed the calls to the Cellular Telephone Number by using an automatic telephone dialing system. *Id.*, ¶10. Defendant did not

have Plaintiff's prior express consent to place the calls to the Cellular Telephone Number by using an automated telephone dialing system. *Id.*, ¶18.

Defendant placed the calls to the Cellular Telephone Number in an attempt to contact a third party—an individual that Plaintiff does not know. *Id.*, ¶¶8, 16. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system and/or an artificial or pre-recorded voice to place calls to telephone numbers assigned to cellular telephone service providers.

## Argument

### I. The class that Plaintiff seeks to represent is well suited for class treatment.

Federal Rule of Civil Procedure 23 governs class certification. Under Rule 23, the party seeking certification must first demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The party seeking certification must then show that at least one of the following three conditions is satisfied: (1) the prosecution of separate actions would create a risk of (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b).

"In reviewing a motion for class certification, the court generally is bound to take the substantive allegations of the complaint as true." *In re Checking Overdraft Litig.,* 281 F.R.D. 667, 672 (S.D. Fla. 2012). Although a district court may look past the pleadings to determine if Rule 23's requirements have been met, "a Rule 23 certification analysis should not include consideration of whether the proposed class is likely to prevail ultimately on the merits" of the case. *City of Ann Arbor Employees' Retirement Sys. v. Sonoco Products Co.*, 270 F.R.D. 247, 250 (D.S.C. 2010). In deciding whether to certify a class, a court should consider that certification is conditional and may be modified or vacated as the case progresses toward resolution on the merits. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

**A. The members of the class that Plaintiff seeks to represent are so numerous that joinder is impracticable.**

Rule 23(a) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The focus of the numerosity inquiry is not whether the number of proposed class members is "too few" to satisfy the Rule, but "whether joinder of proposed class members is impractical." *Armstead v. Pingree*, 629 F. Supp. 273, 279 (M.D. Fla. 1986). Accordingly, parties seeking class certification do not need to know the "precise number of class members." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000).

"Generally, less than twenty-one is inadequate, more than forty adequate." *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003) (*quoting Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.1986)). This naturally means that the "sheer number of potential class members may warrant a conclusion that Rule 23(a)(1) is satisfied." *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 665 (S.D. Ala. 2005).

Here, and upon information and belief and based on the size of Wells Fargo's operations, the members of the class are so numerous that joinder of all members is impracticable. Doc. 1, ¶26. The exact number of the members of the class is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery. *Id*. As well, the members of the class are ascertainable in that, upon information and belief, their names, telephone numbers, and addresses can be identified in business records maintained by Defendant. *Id*.

Noteworthy, courts have found Rule 23's numerosity requirement satisfied by estimating the number of communications that a defendant initiates. *See, e.g., Talbott v. GC Servs. Ltd. P'ship*, 191 F.R.D. 99, 102 (W.D. Va. 2000); *Lucas v. GC Services L.P.*, 226 F.R.D. 337, 340 (N.D. Ill. 2005).

**B. Questions of law and fact are common to the members of the class that Plaintiff seeks to represent.**

"Commonality requires at least one issue common to all members of the class, but does not require that all factual and legal questions be common." *Agan v. Katzman & Korr*, P.A., 222 F.R.D. 692, 697 (S.D. Fla. 2004). The commonality element is generally satisfied when a plaintiff alleges that "[d]efendants have engaged in a standardized course of conduct that affects all class members." *Id*.

Here, there exists a well-defined community of interest in the questions of law and fact that affect the class members. Doc. 1, ¶27. Indeed, courts have found that facts analogous to those underlying this matter satisfy Rule 23's commonality requirement. *See, e.g.*, *Silbaugh v. Viking Magazine Services*, 278 F.R.D. 389, 392-93 (N.D. Ohio 2012) (certifying a class under the TCPA); *Drossin v. Nat'l Action Fin. Services, Inc.*, 255 F.R.D. 608, 616 (S.D. Fla. 2009) (certifying class action under the FDCPA).

### C. Plaintiff's claims are typical of the claims of the members of the class that he seeks to represent.

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Although similar to commonality in that it concentrates on the "nexus" between class members and the named class representative, typicality differs from commonality in that it focuses on the named class representative's individual characteristics in comparison to the proposed class. *Piazza v. EBSCO Indus. Co.*, 273 F.3d 1341, 1346 (11th Cir. 2001).

"The test for typicality, like commonality, is not demanding." *In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996). "The Eleventh Circuit has held that the requirement of typicality is satisfied where the interests of the named parties arise from the same course of conduct that gave rise to the claims of the class they seek to represent, and are based on the same legal or remedial theory; furthermore, typicality will not be destroyed by factual variations." *Id*. To defeat typicality, the factual variation of a class representative "must be clear and must be such that interests of the class are placed in significant jeopardy." *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 686 (S.D. Fla. 2004).

Here, Plaintiff's claims are typical of the claims of the members of the class. Doc. 1, ¶27. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant. *Id*. Plaintiff's claims are based on the same theory as the claims of the members of the class, and Plaintiff suffered the same injuries under the TCPA as the members of the class. *Id*.

Worth mentioning, courts have found that facts like those giving rise to this matter satisfy Rule 23's commonality requirement. *See Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D. Fla. 2013) (certifying class under the TCPA); *Silbaugh*, 278 F.R.D. at 393;

*Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 651 (W.D. Wash. 2007); *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, 279 F.R.D. 442, 445 (N.D. Ohio 2012).

### D. Plaintiff, and his counsel, will fairly and adequately protect the interests of the members of the proposed class.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties be typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). To adequately represent a class, a named plaintiff must show that he possesses the integrity and personal characteristics necessary to act in a fiduciary role representing the interests of the class, and has no interests antagonistic to the interests of the class. *In re Ins. Mgmt. Solutions Grp., Inc.*, 206 F.R.D. 514, 516 (M.D. Fla. 2002).

Here, Plaintiff will fairly and adequately protect the interests of the members of the class. Doc. 1, ¶28. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class. *Id*. And Plaintiff will vigorously pursue the claims of the members of the class. *Id*.

As well, Plaintiff has retained counsel experienced and competent in class action litigation. Doc. 1, ¶43. Plaintiff's counsel will vigorously pursue this matter. Doc. 1, ¶44. And Plaintiff's counsel will assert, protect, and otherwise represent the class members in this matter. *See, e.g., Ritchie v. Van Ru Credit Corp.*, 2014 WL 95631, at *3 (D. Ariz. Mar. 12, 2014) (appointing Greenwald Davidson PLLC as class counsel and preliminarily approving class action settlement under the TCPA, where "Plaintiff's counsel-and proposed class counsel-Greenwald Davidson PLLC has ample experience in litigating class actions and has demonstrated an understanding of applicable law. As mentioned above, Plaintiff's counsel is determined to tenaciously prosecute this action, and has done so from its inception.").

E. **The questions of law and fact common to the members of the class that Plaintiff seeks to represent predominate over any questions affecting only individual members of the class.**

"Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004). Indeed, "[p]redominance means that the issues in a class action must be capable of generalized proof such that the issues of the class predominate over those issues that are subject only to individualized proof." *Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, No. 8:08-CV-493-T-26TGW, 2008 WL 3850657, at *4 (M.D. Fla. Aug. 14, 2008).

Here, the questions of law and fact common to all class members predominate over questions that may affect individual class members. Doc. 1, ¶30. Accordingly, this matter "can achieve economies of time, effort, and expense as compared to separate lawsuits, permit adjudication of disputes that cannot be economically litigated individually, and avoid inconsistent outcomes, because the same issue can be adjudicated the same way for the entire class." Fed. R. Civ. P. 23(b)(3), advisory committee's note (1966).

F. **A class action is superior to other available methods for the fair and efficient adjudication of this matter.**

Here, a class action is superior to all other available methods for the fair and efficient adjudication of this matter. Doc. 1, ¶29. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts. *Id*.

As well, the pursuit of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests. The pursuit of separate actions by individual members of the class would also create a risk of inconsistent or varying adjudications, which

7

might establish incompatible standards of conduct for Defendant. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

In addition, the damages suffered by each of the members of the class may be relatively small; thus, the expense and burden to litigate each claim individually make it impracticable for the class members to redress the wrongs done to them. *Id*. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy. And there will be no difficulty in the management of this action as a class action.

### Conclusion

Plaintiff respectfully requests that this Court grant his motion for class certification and appointment of class counsel, approve Plaintiff as a class representative, and appoint Plaintiff's counsel as class counsel.

Dated: May 16, 2014               *s/Michael L. Greenwald*
                                  Michael L. Greenwald (*pro hac vice*)
                                  Greenwald Davidson PLLC
                                  5550 Glades Road, Suite 500
                                  Boca Raton, FL  33431
                                  Telephone:     (561) 826-5477
                                  Facsimile:     (561) 961-5684
                                  mgreenwald@mgjdlaw.com

                                  Counsel for Plaintiff and the proposed Class

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed through the Court's ECF system on May 16, 2014, and will be served on the Defendant by process server with a copy of the Complaint, at the address of Defendant's registered agent:

> CSC Lawyers Incorporating Service
> 150 S. Perry Street
> Montgomery, AL  36104

> *s/ Michael L. Greenwald*
> Michael L. Greenwald