UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES SHEHAN, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>                    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No.: 1:14-cv-00900-JHE<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO STAY RULING ON MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

On May 14, 2014, James Shehan ("Plaintiff") filed a class action complaint against Wells Fargo Bank, N.A. ("Defendant"). Doc. 1. On May 16, 2014, Plaintiff moved for class certification. Plaintiff did so out of an abundance of caution, given recent opinions issued by some federal district courts in this Circuit holding that an offer of full individual relief to a named class representative moots the class action at issue. *See, e.g., Delgado v. Collecto, Inc.*, No. 8:13-CV-2511-T-33TBM, 2013 WL 6332748, at *3 (M.D. Fla. Dec. 5, 2013) ("[T]he Court determines that Delgado's personal stake in this action was eliminated by Collecto's full and complete offer of judgment, and that such offer of judgment rendered Delgado's Complaint moot."); *Jeffrey M. Stein, D.D.S., M.S.D., P.A. v. Buccaneers Ltd. P'ship*, No. 8:13-CV-2136-T-23AEP, 2013 WL 7045328, at *3 (M.D. Fla. Oct. 24, 2013) ("[T]he Rule 68 offers of judgment preceded the motion to certify the class and, therefore, are not a prohibited 'pick-off' of the putative class plaintiffs, whose declination of an offer of complete relief under applicable law leaves no justiciable case or controversy."); *Keim v. ADF MidAtlantic, LLC*, No. 12-80577-CIV, 2013 WL 3717737, at *9 (S.D. Fla. July 15, 2013) ("Defendants' Rule 68 offer of judgment

1

provides Plaintiff full relief in this case. Because Plaintiff had not moved for class certification at the time that offer was made, this case is consequently moot."); *but see Neurocare Institute of Central Florida, P.A. v. Healthtap, Inc.*, --- F. Supp. 2d ----, 2014 WL 1236062, at *3 (M.D. Fla. March 25, 2014) ("When a plaintiff's motion for class certification is filed within the 90 day period allowed by Local Rule 404(b), and the plaintiff has otherwise fulfilled its duty to diligently pursue class certification, the "case or controversy" requirement of Article III is satisfied by relation back to the filing of the complaint. Because the motion for class certification here was filed less than 90 days from the filing of the Complaint, the Defendants' offer of judgment did not moot the case, and the Defendants' motion to dismiss for lack of standing is denied.").

Here, Plaintiff desires to vindicate not only his own rights, but also those of the absent putative class members. And given the current uncertainty as to whether an offer of complete relief to a class representative deprives a court of subject matter jurisdiction over the subject case as a whole, Plaintiff filed his motion for class certification at this early juncture.

But as the parties have not yet begun to engage in any formal discovery, Plaintiff respectfully requests that this Court stay ruling on his motion for class certification until such time as Plaintiff has had the opportunity to conduct and complete the necessary discovery.[1] Plaintiff's request follows the Seventh Circuit's opinion in *Damasco v. Clearwire Corp.*:

> Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs. Damasco argues that this solution would provoke plaintiffs to move for certification prematurely, before they have fully developed or discovered the facts necessary to obtain certification. But this objection is unpersuasive. If the

---

[1] Sometimes it is necessary for a court to "probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

> parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation. In a variety of other contexts, we have allowed plaintiffs to request stays after filing suit in order to allow them to complete essential activities. Moreover, this procedure comports with Federal Rule of Civil Procedure 23(c)(1)(A), which permits district courts to wait until 'an early practicable time' before ruling on a motion to certify a class.

662 F.3d 891, 896 (7th Cir. 2011).

The Seventh Circuit additionally noted that "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling (on the motion for class certification) to provide time for additional discovery or investigation." *Id.*; *see also Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 261 (W.D.N.Y. 2012) (granting a stay in ruling on a motion for class certification filed with a complaint, where more discovery was necessary); *Physicians Healthsource, Inc. v. Allscripts-Misy's Healthcare Solutions, Inc.*, No. 12 C 3233, 2012 WL 5989203, at *2 (N.D. Ill. Nov. 29, 2012) (denying a motion to dismiss and a motion to deny certification, where the plaintiff filed a motion for class certification with its initial complaint and a request for time to conduct discovery).

Plaintiff is mindful of Judge Steele's recent decision in *Church v. Accretive Health, Inc.*, --- F. Supp. 2d ----, 2014 WL 1623787 (S.D. Ala. Apr. 24, 2014). To be sure, Plaintiff agrees with Judge Steele's position that "[t]he premise that a Rule 68 offer of judgment moots a class action in the absence of a prior Rule 23 motion is a decidedly minority view." *Id.*, at *2. However, in light of Defendant Wells Fargo's previous, and successful, attempt to pick off the named plaintiff in a proposed TCPA class action through an offer of judgment, *see Masters v. Wells Fargo Bank South Central, N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492 (W.D. Tex. July 11, 2013), and given the district court opinions from courts in this Circuit mooting proposed class actions, Plaintiff is filing this motion and his motion for class certification in an abundance

3

of caution and to protect the interests of members of the proposed class.  As a result, and given the lack of any discovery or a meaningful factual record in this matter to date, Plaintiff respectfully requests that this Court stay ruling on his motion for class certification until the parties complete sufficient discovery.

Dated: May 16, 2014	*s/ Michael L. Greenwald*
Michael L. Greenwald (*pro hac vice*)
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL  33431
Telephone:	(561) 826-5477
Facsimile:	(561) 961-5684
mgreenwald@mgjdlaw.com

Counsel for Plaintiff and the proposed Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed through the Court's ECF system on May 16, 2014, and will be served on the Defendant by process server with a copy of the Complaint, at the address of Defendant's registered agent:

CSC Lawyers Incorporating Service
150 S. Perry Street
Montgomery, AL  36104

*s/ Michael L. Greenwald*
Michael L. Greenwald