FILED
2014 Nov-03  AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SHEHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:14-cv-00900-JHE |
| | ) | |
| WELLS FARGO BANK N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Shehan ("Shehan") initiated this putative class action[1] against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") alleging claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").  (Doc. 1).  Wells Fargo now moves to stay the action contending the Federal Communications Commission ("FCC") has primary jurisdiction to determine "the central issue in this litigation."  (Docs. 16).  The motion is fully briefed and ripe for review.  (Docs. 16, & 22).  For the reasons stated more fully below, the motion, (doc. 16), is **DENIED**.

### I. Factual Background

Shehan alleges Wells Fargo violated the TCPA by autodialing his cellular telephone number (for a non-emergency purpose) without his consent.  (*See* doc. 1 at 3-5).   Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, providing, in pertinent part, as follows:

---

[1] On May 16, 2014, Shehan moved to certify a class and for appointment of class counsel.  (Doc. 6).  That same day, Shehan moved to stay ruling on the class certification motion pending the completion of relevant discovery.  (Doc. 7).  The undersigned granted Shehan's motion to stay ruling on the class certification issues.  (Doc. 8).

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

Wells Fargo contends the calls were not intentionally directed at Shehan, but were made in an attempt to call an individual named "Brasher" on the number he provided, with his express consent. (Doc. 17 at 1). Apparently, Brasher was the previous holder of Shehan's cellular phone number but was no longer associated with the cellular phone number at the time Wells Fargo placed the alleged calls. (*Id.*).

Wells Fargo now seeks to stay this action based on the doctrine of primary jurisdiction pending the resolution of two petitions recently submitted to the FCC for consideration. (Doc. 17). The first petition was filed by United Healthcare Services, Inc. on January 16, 2014 ("UHS Petition") and asks the FCC to clarify the applicability of the TCPA as to calls "to wireless numbers for which valid prior express consent has been obtained but which, unbeknownst to the calling party, have subsequently been reassigned from one wireless subscriber to another." (Doc. 17-1 at 1). The second petition, brought by ACA International, seeks formal rulemaking by the FCC ("ACA Petition"). (Doc. 17-2). The ACA requests the FCC, among other things, establish a "safe harbor for non-telemarketing calls when the debt collector had previously obtained appropriate consent and had no intent to call any person other than the person who had previously provided consent to be called." (Doc. 17-2 at 15).

2

## II. Analysis

The primary jurisdiction doctrine is concerned with protecting the administrative process from judicial interference.  *See Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1265 (11th Cir. 2000) (citing *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63 (1956)).   Primary jurisdiction "is a doctrine specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency.  It requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling."  *Reiter v. Cooper*, 507 U.S. 258, 268 (1993).  "[T]he main justifications for the rule of primary jurisdiction are the expertise of the agency deferred to and the need for a uniform interpretation of a statute or regulation."  *Boyes*, 199 F.3d at 1265 (quoting *Cnty. of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1310 (2d Cir. 1990)); *see also W. Pac. R.R. Co.*, 352 U.S. at 64 (internal quotation marks omitted).  Primary jurisdiction "is a discretionary tool, [it is] a flexible concept to integrate the regulatory functions of agencies into the judicial decision making process by having agencies pass in the first instance on technical questions of fact uniquely within the agency's expertise and experience, or in cases where referral is necessary to secure uniformity and consistency in the regulation of business, such as issues requiring the exercise of administrative discretion."  *Columbia Gas Transmission Corp. v. Allied Chemical Corp.*, 652 F.2d 502, 520 n.14 (5th Cir. 1981) (citations omitted).[2]

Wells Fargo has not demonstrated the applicability of the primary jurisdiction doctrine to this case.  Deferring to the FCC does not advance the basic purpose of the doctrine because the specialized knowledge of the FCC is not needed to answer the questions before the Court and

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

deferral is unecessary for a uniform interpretation of the statutory questions at issue. W. *Pac.*
*R.R. Co.*, 352 U.S. at 64. ("In every case the question is whether the reasons for the existence of
the doctrine are present and whether the purposes it serves will be aided by its application in the
particular litigation."). Accordingly, as more fully explained below, Wells Fargo's motion to
stay, (doc. 16), is due to be denied.

### A. The relevant factors strongly militate against a stay.

The primary factors a court considers when determining whether to stay an action based
on primary jurisdiction grounds are (1) whether the specialized knowledge of the FCC is needed
to answer the questions before the court and (2) whether referral is necessary for a uniform
interpretation of the statute at issue. *W. Pac. R.R. Co.*, 352 U.S. at 64. As to the first factor, the
issues raised by the UHS and ACA Petitions do not implicate the FCC's specialized expertise or
fact-finding abilities. The "called party" issue is purely a matter of statutory construction (of a
non-technical term), which courts are well-equipped to undertake, not a matter requiring
administrative expertise. It is not a technical question or factual inquiry uniquely within the
agency's expertise. *See e.g., Loggerhead Turtle v. County Council of Volusia Cnty., Fla*., 148
F.3d 1231, 1259-60 (11th Cir. 1998) (discussing, in dicta, the question of whether artificial
beachfront lighting "takes" sea turtles as being within the special competence of the U.S. Fish
and Wildlife Service); *Columbia Gas Transmission Corp.*, 652 F.2d at 520 n.14 (explaining the
court's determination regarding enforcement of a payback obligation for diversions prior to a
certain date would be materially facilitated by FERC's informed evaluation of a Representative's
enforcement caution and how the facts of the case fit within that caution).

As to the second factor, the Eleventh Circuit has spoken directly to this issue,[3] providing

---

[3] Specifically, the "UHS Petition asks the FCC to clarify the applicability of the TCPA to

direct guidance for a uniform interpretation of the statute throughout the Circuit.  Wells Fargo

has not provided, and the undersigned has not found, any other circuit court that has interpreted

"called party" differently or that has created an exception to the rule.  It appears the only other

circuit court to have addressed the issue follows the same interpretation as the Eleventh Circuit.

*See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012).  Furthermore, the

interpretation of the statutory term "called party" is not an issue requiring the exercise of

administrative discretion.   *See Columbia Gas Transmission Corp.*, 652 F.2d at 520 n.14

(explaining referral is necessary to secure uniformity and consistency in the regulation of

business when the issue requires the exercise of administration discretion).

**B. Other Considerations.**

Wells Fargo argues this action should be stayed because the "called party" issue is a

matter of first impression before the agency. (Docs. 17 at 13 & 27 at 8).   While this issue would

be a matter of first impression for the FCC, a factor considered by some courts, *see Brown v.*

*MCI WorldCom Network Servs.*, 277 F.3d 1166, 172 (9th Cir. 2002), in light of the factors

discussed above, this is insufficient to warrant imposing a stay.  Additionally, Wells Fargo's

argument the issues presented in the petitions are "questions of policy" left unanswered by the

language of the TCPA, (doc. 27 at 1), is not persuasive.  While the meaning of "called party" has

---

calls 'to wireless numbers for which valid prior express consent has been obtained but which, unbeknownst to the calling party, have subsequently been reassigned from one wireless subscriber to another.'" (Doc. 17 at 2).  The Eleventh Circuit answered this question in *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014), rejecting the argument the "intended recipient" is the "called party" for purpose of § 227 and explaining a "called party" means "the subscriber to the cell phone service."  *Breslow v. Wells Fargo Bank, N.A.*, -- F.3d --, 2014 WL 2565984, *1 (11th Cir. June 9, 2014) (quoting *id.*). Likewise, while Wells Fargo submits the ACA Petition "asks the FCC to . . . establish a 'safe harbor for non-telemarketing calls when the debt collector had previously obtained appropriate consent and had no intent to call any person other than the person who had previously provided consent to be called,'" (doc. 17-2 at 2), the Eleventh Circuit foreclosed such a defense in *Osorio*.  746 F.3d at 1242, 1253.

policy implications, as all statutory interpretation does, there is no policy consideration requiring the agency's expertise and fact-finding abilities.

Wells Fargo contends the FCC is "likely to rule on the petitions shortly" because it expects "concrete movement on both [petitions] . . . within the next six months," (doc. 27 at 1 (citing doc. 20 at ¶ 11)).  Although Wells Fargo expects the FCC to "move on the petition," there is no indication the FCC will make any kind of ruling in the near future or at all.  If the FCC does issue a ruling providing a different interpretation of "called party" or creating an exception applicable to this case, the court will address whether that ruling has retroactive application and what level of deference is due.  *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984) (discussing the appropriate level of deference); *Heimmermann v. First Union Mort. Corp.*, 305 F.3d 1257, 1260 (11th Cir. 2002) (discussing when retroactivity applies to agency interpretation and rules).

### III. Conclusion

To stay this action based on an issue not within the "special competence of [the] administrative agency," *Reiter*, 507 U.S. at 268, and that is being uniformly applied throughout this Circuit and others is not warranted.  Wells Fargo's motion to stay, (docs. 16), is **DENIED**.

DONE this 3rd day of November 2014.

 

 

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

6