FILED
2014 Nov-17  PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES SHEHAN,** *on behalf of himself* *and others similarly situated,* | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **CIVIL ACTION FILE NO.** **1:14-cv-00900-JHE** |
| **WELLS FARGO BANK, N.A.,** | ) ) | |
| **Defendant.** | ) ) ) | |

**WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

In answer to the Amended Class Action Complaint ("Complaint") of plaintiff, JAMES SHEHAN ("Plaintiff"), defendant WELLS FARGO BANK, N.A. ("Wells Fargo") hereby admits, denies, and affirmatively alleges as follows with regard to the various allegations in the Complaint:

**NATURE OF THE ACTION**

1.      Answering Paragraph 1 of the Complaint, Wells Fargo denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") in any respect, and otherwise denies each and every allegation contained in Paragraph 1.

2.      Answering Paragraph 2 of the Complaint, Wells Fargo responds that this paragraph asserts one or more legal conclusions that do not require a response.  Moreover, Wells Fargo specifically denies that it violated 47 U.S.C. §227(b)(1)(A)(iii) in any respect.  Wells Fargo further denies that any calls it placed were made using a device that meets the statutory definition of an automatic telephone dialing system ("ATDS").

3.      Answering Paragraph 3 of the Complaint, Wells Fargo responds that this paragraph asserts one or more legal conclusions that do not require a response.  Moreover, Wells

Fargo specifically denies that it violated 47 U.S.C. §227(b)(1)(A)(iii) in any respect.  Wells

Fargo further denies that any calls it placed were made using a device that meets the statutory

definition of an ATDS.  Wells Fargo otherwise denies each and every allegation contained in

Paragraph 3.

## JURISDICTION

4.      Answering Paragraph 4 of the Complaint, Wells Fargo admits that this Court has

federal question jurisdiction pursuant to 28 U.S.C. §1331.  However, Wells Fargo asserts that

primary jurisdiction over the substantive issues at stake in this proceeding rests with the FCC—

the agency charged by Congress to implement and interpret the TCPA, 47 U.S.C. §227 et seq., in

the first instance.

5.      Answering Paragraph 5 of the Complaint, Wells Fargo admits that venue is proper

pursuant to 28 U.S.C. §1391.  Wells Fargo also admits that it transacts business in this state and

district.  Wells Fargo is without sufficient knowledge or information to form a belief as to the

truth of the remaining allegations contained in Paragraph 5, and on that basis denies the

allegations.

## PARTIES

6.      Answering Paragraph 6 of the Complaint, Wells Fargo is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in

Paragraph 6, and on that basis denies the allegations.

7.      Answering Paragraph 7 of the Complaint, Wells Fargo admits the allegations

contained in Paragraph 7.

## FACTUAL ALLEGATIONS

8.      Answering Paragraph 8 of the Complaint, Wells Fargo admits that it placed debt collection calls to the (256) 267-XXXX number in an effort to reach its customer.  Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8, and on that basis denies each and every such allegation.

9.      Answering Paragraph 9 of the Complaint, Wells Fargo admits that it placed debt collection calls to the (256) 267-XXXX number on the dates set forth in this paragraph except March 11, 2014.  Except as expressly admitted, Wells Fargo denies each and every remaining allegation of Paragraph 9.

10.      Answering Paragraph 10 of the Complaint, Wells Fargo denies each and every allegation of Paragraph 10.

11.      Answering Paragraph 11 of the Complaint, Wells Fargo denies each and every allegation of Paragraph 11.

12.      Answering Paragraph 12 of the Complaint, Wells Fargo denies each and every allegation of Paragraph 12.

13.      Answering Paragraph 13 of the Complaint, Wells Fargo denies each and every allegation of Paragraph 13.

14.      Answering Paragraph 14, Wells Fargo denies each and every allegation of Paragraph 14.

15.      Answering Paragraph 15 of the Complaint, denies each and every allegation of Paragraph 15.

16.     Answering Paragraph 16 of the Complaint, Wells Fargo admits that it placed debt collection calls at the (256) 267-XXXX number in an effort to reach its customer.  Except as expressly admitted, Wells Fargo denies each and every allegation of Paragraph 16.

17.      Answering Paragraph 17 of the Complaint, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies the allegations.

18.      Answering Paragraph 18 of the Complaint, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies the allegations.  Moreover, as Plaintiff was not the "called party" with respect to the calls Wells Fargo placed to the (256) 267-XXXX number the presence or absence of his consent is not material to this case.

19.     Answering Paragraph 19 of the Complaint, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies the allegations at this time.

20.     Answering Paragraph 20 of the Complaint, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis denies the allegations at this time.

21.     Answering Paragraph 21 of the Complaint, Wells Fargo is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis denies the allegations at this time.

22.     Answering Paragraph 22 of the Complaint, Wells Fargo denies each and every allegation of Paragraph 22.

23.     Answering Paragraph 23 of the Complaint, Wells Fargo denies each and every allegation of Paragraph 23.

24.     Answering Paragraph 24 of the Complaint, Wells Fargo denies each and every allegation of Paragraph 24.  Wells Fargo specifically denies that any calls it placed were made using a device that meets the statutory definition of an ATDS.

## CLASS ACTION ALLEGATIONS

25.     Answering Paragraph 25, Wells Fargo admits that Plaintiff purports to assert claims on behalf of himself and a putative class, but denies that the class Plaintiff seeks to represent is properly certifiable.  Except as expressly admitted, Wells Fargo denies the truth of the remaining allegations contained in Paragraph 25.

26.     Answering Paragraph 26, Wells Fargo denies each and every allegation of Paragraph 26.

27.     Answering Paragraph 27, Wells Fargo denies each and every allegation of Paragraph 27.

28.     Answering Paragraph 28, Wells Fargo denies each and every allegation of Paragraph 28.

29.     Answering Paragraph 29, Wells Fargo denies each and every allegation of Paragraph 29.

30.     Answering Paragraph 30, Wells Fargo denies that any dispositive common issues of law or fact exist between class members and, even if some common issues exist, individual inquiries predominate.  Wells Fargo further denies each and every allegation of Paragraph 30.

31.     Answering Paragraph 31, Wells Fargo denies each and every allegation of Paragraph 31.

## COUNT I: VIOLATIONS OF 47 U.S.C. §227(b)(1)(A)(iii)

32.     Answering Paragraph 32, Wells Fargo incorporates by reference its responses to the prior paragraphs as fully as though herein set forth.

33.     Answering Paragraph 33, Wells Fargo denies each and every allegation of Paragraph 33.

34.     Answering Paragraph 34, Wells Fargo denies each and every allegation of Paragraph 34.

35.     Answering Paragraph 35, Wells Fargo denies each and every allegation of Paragraph 35.

## PRAYER FOR RELIEF

Answering these unnumbered Paragraphs of the Complaint, Wells Fargo denies each and every allegation set forth therein.  Wells Fargo further denies any wrongdoing whatsoever, and denies that Plaintiff and/or the purported class are entitled to any relief.

## WELLS FARGO'S AFFIRMATIVE DEFENSES

WHEREFORE, Wells Fargo asserts the following affirmative defenses:

1.     Plaintiff lacks standing to sue Wells Fargo, and to represent any supposed class members on any claim against Wells Fargo.  Plaintiff was not the "called party" as Wells Fargo never attempted to reach the Plaintiff in calling the number at issue.

2.     The imposition of statutory damages under the TCPA on a class wide basis against Wells Fargo would violate the Due Process provision of the United States Constitution and/or the Alabama State Constitution.  Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law."  *E.g. TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443, 453, 454 (1993);

*BMW of North America, Inc. v. Gore*, 517 US 559, 562 (1996).  The TCPA affords discretion to award up to $1,500.00 "per violation."  Yet the violation at issue—"making" a call to a cell phone that may or not have been connected, received or answered—causes *de minimus* or no actual harm.  Hence, imposition of the discretionary punitive damage element built into the TCPA would violate the *BMW* proportionality as to most class members.

3.       The award of statutory penalties against Wells Fargo would violate the prohibition against excessive fines of the United States Constitution.  Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable."  *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir.1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67, 40 S.Ct. 71, 64 L.Ed. 139 (1919)).  Again, here the violation at issue—"making" a call to a cell phone that may or may not have been connected, received or answered—causes *de minimus* or no actual harm.

4.       Applicable statutes of limitations, including, without limitation, 28 U.S.C. § 1658, bar the claims of Plaintiff, or any persons he purports to represent.  To the extent the Plaintiff or any individual class member contends she/he received a call prior to June 30, 2010, the claim is time barred.

5.       Any and all activities of Wells Fargo alleged in the Complaint were conducted with the consent, express and implied, of Plaintiff, class members or other parties, persons and entities, and Wells Fargo is therefore free from actionable fault.  Consent to receive autodialed calls may be demonstrated in a myriad of ways.  For instance, "Brasher" consented to receive calls by providing her phone number on her application at the time she opened her credit card account.  However, consent can also be demonstrated by communicating with Wells Fargo

during calls with agents, via e-mail, via online updates to account demographics, via letters, branch visits or during any other interaction with Bank employees.  Consent to be contacted via an autodialer on numbers associated with an account is also expressly agreed to as part of consumer credit agreements between Wells Fargo and its credit card customers.  Different iterations of this written consent agreement govern the relationships of various class members. In some instances, a third-party may consent for the individual receiving the call—such as where a Wells Fargo's account holder provides a number belonging to a spouse or different cell phone subscriber that is subsequently called by Wells Fargo in an effort to reach its account holder. Moreover, other class members governed themselves in a manner expressing consent—such as by having multiple conversations with Wells Fargo on their cell phones without ever complaining about that form of contact being an appropriate way for Wells Fargo to reach them to discuss accounts belonging to spouses, clients, dependents, or references.  As the "called party" for consent purposes must mean the person Wells Fargo was attempting to dial the consent of Wells Fargo's accountholder operates as complete defense to a TCPA claim filed by an unintended recipient, at least until the time that Wells Fargo is advised that the number has changed hands.

6.      Plaintiff is barred from recovery by the doctrine of laches because he, and other class members, knew of the purported acts or omissions he ascribes to Wells Fargo and was fully aware of his rights against Wells Fargo (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights, to the prejudice of Wells Fargo.  For instance, Plaintiff asserts a class dating back to at least 2010, yet none of the class members complained about the conduct alleged in the Complaint until Plaintiff's suit was filed in 2014.  The delay in filing suit may result in difficulties in identifying and producing evidence material to defeating the claims of

class members.

7.      Plaintiff's claims are barred in whole or in part as a result of his failure to mitigate alleged damages, if any.  Plaintiff and many class members received multiple calls from Wells Fargo without objection and could have avoided additional calls by simply asking that Wells Fargo stop contacting them.  It is unfair and unjust for Wells Fargo to be held liable for calls placed as a result of Plaintiff's or other class members' failure to take reasonable steps to notify Wells Fargo that he no longer owned the phone number in question.

8.      Wells Fargo's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between the parties and/or with the third-parties Wells Fargo was attempting to reach.  Numerous contractual provisions govern the relationship between Wells Fargo and its credit card customers.  These agreements vary with respect to the type of account (e.g. business vs. consumer) and also vary over time and geographic region.  These contractual provisions contain numerous material limitations provisions.  For instance, as to Brasher's consumer credit card account, the agreement provides "For us to service your Account or to collect any amounts you may owe, you agree that we may contact you using any contact information related to your Account.  We may use any means to contact you.  This may include automated dialing devices, prerecorded/artificial voice messages, mail, e-mail, text messages, and calls to your cell phone.  You are responsible for any service provider charges as a result of us contacting you.  You agree to promptly notify us if you change any contact information you provide to us."  These disclosures have been in place since at least September, 2010.  Hence, any calls placed by Wells Fargo in an attempt to reach a credit card customer after that date are not actionable.

9.      Individualized questions and answers predominate such that class representation

is not superior to other available methods of fair and efficient adjudication of this controversy, as required by Federal Rules of Civil Procedure, rule 23.

10.     The conduct alleged in the Complaint—accidentally calling third-parties because phone numbers change hands without Wells Fargo's knowledge—is beyond its control and occurs as the result of the conduct of third-parties.  Accordingly, Wells Fargo is insulated from liability by the doctrines of force majeure and superseding causation.

11.     Wells Fargo's lawful interest in contacting its customers—either for debt collection, informational purposes, or other account servicing activity—is necessary, and Wells Fargo reasonably believes such calls are necessary, to protect Wells Fargo's pecuniary interest in chattel and accounts—and its customers' interests.  Further, the conduct at issue is malum prohibitum and not malum in se.  Moreover, the harm inflicted to Plaintiff and class members in receiving the misplaced calls is not unreasonable as compared with the harm threatened to Wells Fargo's interests and chattel if it is barred from placing such calls.  Hence, Wells Fargo's conduct is privileged and inactionable.

12.     The contractual agreements relevant to the allegations in the Complaint specify that any disputes will be resolved through arbitration.  All potentially ascertainable class members have accepted arbitration clauses containing class action waivers.

13.     WellsFargo's calls to certain purported class members were placed with an emergency purpose as that term is used in the TCPA.

14.     Wells Fargo is without sufficient knowledge or information to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available to it, and accordingly, Wells Fargo reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate under any law.

## WELLS FARGO'S PRAYER FOR RELIEF

WHEREFORE, Wells Fargo prays for relief as follows:

1.      That judgment be rendered in favor of Wells Fargo and against Plaintiff;

2.      That Plaintiff takes nothing by reason of the Complaint;

3.      That the Complaint be dismissed with prejudice as to Wells Fargo;

4.      That Wells Fargo be awarded its costs of suit and reasonable attorneys' fees

incurred in defense of this action to the fullest extent allowed by law; and

5.      For such other relief as the Court deems just and proper.

Dated this 17th day of November, 2014.


By:   *s/ Ryan J. Hebson*
Eric J. Troutman*
Divya S. Gupta*
SEVERSON & WERSON, P.C.
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118
ejt@severson.com
dsg@severson.com

R. Frank Springfield (SPR024)
Ryan J. Hebson (HEB003)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
fspringfield@burr.com
rhebson@burr.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.

*Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Gina DeRosier Greenwald         Michael Lewis Greenwald
GREENWALD DAVIDSON PLLC       GREENWALD DAVIDSON PLLC
5550 Glades Road Suite 500        5550 Glades Road, Suite 500
Boca Raton, Florida  33431         Boca Raton, Florida  33431
Telephone:  (561) 826-5477         Telephone:  (561) 826-5477
ggreenwald@mgjdlaw.com          mgreenwald@mgjdlaw.com

I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants:  <u>  N/A                    </u>.

Respectfully submitted,


<u> s/ Ryan J. Hebson                            </u>
Of Counsel